## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CEPHALON, INC., )<br><br>Plaintiff, )<br><br>v. )<br><br>WATSON PHARMACEUTICALS, INC., )<br>WATSON LABORATORIES, INC., )<br>and WATSON PHARMA, INC., )<br><br>Defendants. ) | C.A. No. 09-724-SLR |

## ANSWER TO COUNTERCLAIMS

Plaintiff Cephalon, Inc. ("Plaintiff," referred to by Watson as "Counterdefendant") replies to the corresponding paragraphs of Watson Pharmaceuticals, Inc., Watson Laboratories, Inc., and Watson Pharma, Inc.'s (collectively, "Defendants" or "Watson") Counterclaims seeking declaratory judgment [D.I. 10, hereinafter "Counterclaims"] as follows:[1]

## Jurisdiction and Venue

36.     Paragraph 36 contains legal conclusions to which no answer is required.  To the extent an answer is required, Plaintiff admits there is an actual controversy between Watson and Plaintiff with respect to Defendants' liability for infringement of United States Patent No. 6,264,981 ("the '981 patent").  Plaintiff admits that this Court has subject matter jurisdiction over Watson's Counterclaims.  Plaintiff specifically denies that Watson is entitled to any relief pursuant to the Counterclaims.  Plaintiff denies the remaining allegations of paragraph 36 of the Counterclaims.

---

[1] Plaintiff incorporates in full the Complaint [D.I. 1, hereinafter "Complaint," ¶¶ 1–27].

37.     Plaintiff admits that venue is proper to adjudicate Defendants' Counterclaims. Plaintiff denies the remaining allegations of paragraph 37 of the Counterclaims.

## Parties

38.     Plaintiff admits that Watson Pharmaceuticals is a Nevada corporation with a principal place of business at 311 Bonnie Circle, Corona, California 92880.

39.     Plaintiff admits that Watson Laboratories is a Nevada corporation with a principal place of business at 311 Bonnie Circle, Corona, California 92880.

40.     Plaintiff admits that Watson Pharma is a Delaware corporation with a principal place of business at 360 Mount Kemble Avenue, Morristown, New Jersey 07962.

41.     Plaintiff admits that Cephalon, Inc. is a Delaware corporation having a principal place of business at 41 Moores Road, Frazer, Pennsylvania 19355.

## First Counterclaim

### Declaratory Judgment of Noninfringement of United States Patent No. 6,264,981 B1

42.     Plaintiff incorporates by reference its responses to the allegations of paragraphs 36-41 of the Counterclaims as if fully set forth herein, along with paragraphs 1–27 of the Complaint.

43.      For the reasons set forth in paragraphs 15–24 of the Complaint, Plaintiff denies the allegations of paragraph 43 of the Counterclaims.

44.     Paragraph 44 contains legal conclusions to which no answer is required.  To the extent an answer is required, Plaintiff admits there is a justiciable controversy between Watson and Plaintiff with respect to Defendants' liability for infringement of the '981 patent.  Plaintiff denies the remaining allegations of paragraph 44 of the Counterclaims.

2

## Second Counterclaim

### Declaratory Judgment of Noninfringement
### of United States Patent No. 6,264,981 B1

45.     Plaintiff incorporates by reference its responses to the allegations of paragraphs 36-44 of the Counterclaims as if fully set forth herein, along with paragraphs 1–27 of the Complaint.

46.     Paragraph 46 contains legal conclusions to which no answer is required.  To the extent an answer is required, Plaintiff admits there is a justiciable controversy between Watson Pharmaceuticals and Plaintiff with respect to Watson Pharmaceuticals' liability for infringement of the '981 patent.  For the reasons set forth in paragraphs 11-13 and 15–24 of the Complaint, Plaintiff denies the allegations of paragraph 46 of the Counterclaims.

## Third Counterclaim

### Declaratory Judgment of Invalidity
### of United States Patent No. 6,264,981 B1

47.     Plaintiff incorporates by reference its responses to the allegations of paragraphs 36–46 of the Counterclaims as if fully set forth herein, along with paragraphs 1–27 of the Complaint.

48.     Paragraph 48 contains legal conclusions to which no answer is required.  To the extent an answer is required, Plaintiff admits there is a justiciable controversy between Watson and Plaintiff regarding the validity and enforceability of the '981 patent.  Plaintiff denies the remaining allegations of paragraph 48 of the Counterclaims.

### PRAYER FOR RELIEF

Plaintiff denies that Defendants are entitled to any of the relief requested.

Dated: November 12, 2009

FISH & RICHARDSON P.C.

By: _Douglas E. McCann /RMO_

William J. Marsden, Jr. (#2247)
Douglas E. McCann (#3852)
222 Delaware Avenue, 17th floor
P.O. Box 1114
Wilmington, DE  19899-111
(302) 652-5070
marsden@fr.com
dmccann@fr.com

*Attorneys for Plaintiff*

Of Counsel:

Michael A. Siem
FISH & RICHARDSON P.C.
601 Lexington Avenue, 52nd Floor
New York, NY  10022-4611
(212) 765-5070

Jonathan E. Singer
FISH & RICHARDSON P.C.
60 South Sixth Street
3200 RBC Plaza
Minneapolis, MN 55402
(612) 335-5070